OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of David L. Gray, filed November 27, 2006. Gray was an auditor for Central State University, and, beginning in June, 2001, he created wire transfers from Central State's account at Fifth Third Bank to Gray's personal bank account. Gray made it appear that money was being transferred to other vendors. In May, 2004, Central State officials conferred with Fifth Third fraud investigators and learned *Page 2 
of the fraudulent transfers.
 {¶ 2} On May 25, 2004, a Greene County Grand Jury indicted Gray on 125 felony counts as follows: one count of engaging in a pattern of corrupt activity, R.C. 2923.32, forty-one counts of money laundering, R.C. 1315,55, forty-one counts of theft in office, R.C. 2921.41, forty-one counts of tampering with records, R.C. 2913.42, and one count of possession of criminal tools, R.C. 2923.24. On June 3, 2004, the court restrained ING Financial Advisors from "releasing monies which constitute David L. Gray's alternative retirement plan under Central State University's plan number of VF2244." On June 18, 2004, the State filed a "Motion to Preserve the Reachability of Property." On September 27, 2004, Gray pled guilty to one count of money laundering, one count of tampering with records, 25 counts of theft in office (felonies of the third degree), and fifteen counts of theft in office (felonies of the fourth degree). The State dismissed the remaining 83 counts. On November 30, 2004, the trial court sentenced Gray to a nine year prison term, restitution was established at $313,976.91, and 25 items of Gray's property were forfeited to the State of Ohio. Gray filed a Notice of Appeal.
 {¶ 3} While Gray's direct appeal was pending, several motions were filed in the trial court. On March 3, 2005, the State filed a Motion for Hearing on Retirement Account. On March 8, 2005, Gray filed a Motion to Release Court Order (of June 3, 2004, restraining ING Financial Advisors) and a Motion to Suspend Auction. On March 15, 2005, Gray filed a Notice of Right of Hearing. On March 16, 2005, the trial court issued a Judgment stating that it "is of the view that jurisdiction of this case now rests with the Second District Court of Appeals concerning consecutive sentencing and forfeiture judgment entered by the Court. Consequently, unless the Court of Appeals relinquishes jurisdiction back to this Court to decide any of these *Page 3 
issues, it is the opinion of the Court that jurisdiction of all issues * * * lies with the Second District Court of Appeals and, as a result, this Court does not have jurisdiction to hear or rule on those issues."
 {¶ 4} On January 6, 2006, we affirmed in part and reversed in part the trial court's judgment. The matter was scheduled for a resentencing hearing, and on February 23, 2006, Gray received an identical sentence to that of November 30, 2004. Gray filed a Notice of Appeal on March 24, 2006. In April, 2006, Gray filed a Motion to Vacate and/or Suspend Payment of Costs and Restitution, which the State opposed. The trial court again determined that it lacked jurisdiction due to Gray's pending appeal.
 {¶ 5} On May 15, 2006, Gray filed a Notice of Right of Hearing. On June 2, 2006, Gray filed a Motion for Voluntary Dismissal of Appeal. On July 21, 2006, Gray filed a pro se motion to withdraw his guilty pleas. On August 18, 2006, the trial court overruled Gray's motion. It is solely from the denial of Gray's motion to withdraw his plea that he now appeals.
 {¶ 6} Gray's sole assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO GRANT APPELLANT A HEARING ON HIS MOTION TO VACATE HIS PLEA AFTER A PRIMA FACIE SHOWING THAT THE STATE VIOLATED THE PLEA AGREEMENT."
 {¶ 8} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim. R. 32.1. "The manifest injustice standard demands a showing of extraordinary circumstances, and the defendant bears the burden of proving the existence of a manifest injustice. (Internal citation *Page 4 
omitted).
 {¶ 9} "A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and a reviewing court will not interfere with that decision absent an abuse of discretion. (Internal citation omitted). `Abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court.'" (Internal citation omitted). State v. Turner, March 23, 2007, 2007-Ohio-1346.
 {¶ 10} Gray argues he "has made a prima facie case that the State `disposed of,' `lost,' or `gave away' items of his personal property contrary to the terms of the plea agreement. Further, by inference, had Gray known that the State would not honor the plea agreement, he would not have entered it. Thus, per Rule 11(C) of the Ohio Rules of Criminal Procedure, Gray's initial plea was not `knowingly' entered into and must be vacated. The delay in Gray's filing his motion to vacate his plea, though significant, is clearly due to communication and informational disadvantages faced by one incarcerated in the prison system."
 {¶ 11} In response, the State argues that "The property the Defendant is talking about is his ING retirement account, that is frozen, but has not been disposed of, lost or given away as the Defendant claims. * * * Under R.C. 2929.18, once an order of restitution is made by the Court pursuant to a felony sentence, the Defendant is deemed a judgment debtor and the State of Ohio may attach any property of the judgment debtor in accordance with R.C. 2715 of the Revised Code. * * * Thus, the fact that the ING account was not on the items voluntarily forfeited by the Defendant in the plea agreement is irrelevant to the proposed hearing on the ING account." *Page 5 
 {¶ 12} Gray's motion to withdraw his plea is without merit, and the trial court correctly determined that there was no manifest injustice. Gray did not initially challenge the restraining order the court imposed upon ING Financial Advisors (which was issued before Gray entered his pleas) nor the dollar amount of restitution in his direct appeal. In fact, a review of the record reflects that Gray agreed to restitution in the amount of $313,976.91 by affixing his initials to that amount on the plea form signed by him in open court. Thus, Gray was not entitled to a hearing on his motion to withdraw his plea. Gray's complaint that the State violated the plea agreement by asking the court to freeze his assets with ING Financial Advisors is not supported by the record. We note the trial court has not yet issued a final order on Gray's retirement account pursuant to R.C. 2921.41. However, the order of restitution in the amount of $313,976.91 became final on November 30, 2004. There being no abuse of discretion, Gray's assignment of error is overruled. Judgment affirmed.
 BROGAN, J. and GRADY, J., concur. *Page 1